## Chronister *against* Bushey.

An administrator cannot become the purchaser of real estate, directly or indirectly, at a sale made by himself in pursuance of an order of the Orphans' Court.

WRIT OF ERROR to the Common Pleas of *Adams* county.

This was an action of ejectment by Rebecca Chronister and others, heirs-at-law of Wm Chronister, against Christian Bushey and Wm Bushey, for a tract of land.

Christian Bushey and Jacob Bushey were the administrators of William Chronister deceased, and obtained an order of the Orphans' Court for the sale of the real estate of their intestate for the payment of debts. At the sale William Patterson was the bidder, and the property, a plantation, was struck down to him at $1808. He was examined as a witness, and testified that he purchased it for Christian Bushey, and that the conveyance by the administrators to him and the re-conveyance to Christian Bushey were simultaneous acts. The plaintiffs also gave some evidence of acts of fraud on the part of Christian Bushey at the time of the sale, and that the property was sold for less than its value. The defendants gave in evidence the administration account of the defendants, in which they charged themselves with the proceeds of the sale of the real estate, and paid over the whole amount to the creditors of the intestate, the estate being insolvent.

The court below, in answer to several points put by the defendants, instructed the jury " That if Christian Bushey fairly and honestly purchased the premises in controversy, though at his own sale, and applied the proceeds to the payment of the debts of the decedent, the title of the plaintiffs as heirs-at-law was thereby devested, and they were not entitled to recover. But if he were guilty of any fraud in bringing about the sale, in decrying the property or slandering the title to it, by representing it as doubtful, his purchase was void, and the plaintiffs are entitled to recover."

*Stevens* and *Smyser*, for plaintiffs in error, argued that the question did not rest upon the proof of actual fraud, but that the pur-

[Chronister v. Bushey.]

chase by the administrator at his own sale was *primâ facie* a legal fraud, and cited 2 *Whart.* 53; 5 *Johns.* 43; 13 *Johns.* 220—222; 6 *Vez. Jun.* 625; 5 *Watts* 304; 1 *Peters's C. C. Rep.* 37; 10 *Vez.* 385; 1 *Mad.* `Chan.* 91. 93; 1 *Paige* 393; 3 *Paige* 178; 2 *Johns. Ch.* 256; 13 *Vez.* 600—95; 12 *Vez.* 355; 4 *Kent* 438; 1 *Jacobs* 418; 1 *Mad. Ch. Rep.* 148; 5 *Mad. Ch. Rep.* 52; 4 *Phil. Ev.* 88; 2 *Yates* 117; 4 *Binn.* 43; 3 *Binn.* 589; 1 *Ashm. Rep.* 307.

*Cooper* and *Reed*, for defendants in error, argued that the sale was good at law, and could only be set aside upon principles of equity, and that the jury had passed upon the question of actual fraud; and cited 1 *Yeates* 310; 1 *Bingh.* 50; 15 *Law Lib.* 75; *Sug.* on *Pow.* 139; 1 *Peters's C. C. Rep.* 368; 2 *Rawle* 392; 7 *Pick.* 8; 2 *Yeates* 118; 8 *Watts* 280; 4 *New York Dig.* 1180, *pl.* 95, 96. 99, 100.

The opinion of the Court was delivered by

GIBSON, C. J.—The Judge made a decisive mistake in putting the question of recovery exclusively on the existence of actual fraud. The purchase belonged to the class of contracts which, for the facility they would offer to the practice and concealment of imposition, are deemed to be constructively fraudulent, *primâ facie* or conclusively, by the policy of the law. They are sparingly indulged by it in any case, or prohibited, as regards particular interests, altogether. Such are contracts between parent and child, guardian and ward, principal and agent, attorney and client; and such emphatically are those between trustee and *cestui que trust*. These relations are founded on an inequality of condition, which raises a presumption of advantage taken of the more dependent party, that may or may not be rebutted according to circumstances. It is a rule of equity that a trustee may not purchase the trust estate directly from the beneficiary, unless the transaction be found, after jealous scrutiny, to be scrupulously fair, purely voluntary on the part of the seller, and without colour of misrepresentation, concealment, or advantage taken of knowledge acquired in the business of the trust, on the part of the buyer. When he appears as both seller and buyer, as he does when the estate has been sold by him and bid in for him at auction, the preventive justice of a chancellor goes further, and forbids him to acquire an indefeasible title to it against the *cestui que trust* on any pretence. Indeed, where he is himself the bidder, the contract is void, even at law, for want of parties; for an individual cannot contract with himself, or convey to himself; and where this legal objection is obviated by the interposition of an agent, equity allows the sale to be avoided at the election of the *cestui que trust*, who may set it aside without regard to its fairness. This principle is applicable to every purchase by one who has conducted the sale, whether strictly as a trustee, or as an

VII. — 20 .

instrument for a specific purpose; and it disposes of the case before us.

The defendants, being administrators of the plaintiffs' father, sold by order of Orphans' Court the real estate for payment of the debts. One of them procured his friend to bid it in for him, who conveyed it back for the original consideration, the moment the sale was consummated by a deed. This was enough for the purpose of the plaintiffs, but it was not all. It was in proof that one of the defendants, in violation of his duty to sell for the best price, had disparaged the estate, both as to its quality and the title to it; that the friend employed to buy, was employed also as the crier; and that the property was sold at an undervalue. Unless, therefore, the witnesses were unworthy of belief, there ought to have been a verdict for the plaintiffs on the ground of positive fraud; and that there was not, is one proof, among many, how little is to be expected from the judgment of a jury when unassisted by the practised discernment of a judge. It has been argued, however, that the plaintiffs and the defendants are proved by the event to have stood in no relation of confidence, as the price realized by the sale did not mount up to the sum of the debts, and that, as the creditors have not objected to the sale, no one else ought to be heard. But it is uncertain whether something might not have been produced for the benefit of the children, had the estate been fairly sold; and they had an interest in the event, however desperate, which entitled them to have the order executed strictly according to the requisitions of the law. But they were conclusively entitled to a verdict on the ground of constructive fraud.

Judgment reversed, and *venire de novo* awarded.