*Orphans' Court, Dauphin County, September 1st, 1868.*

### In the Matter of Fox's Estate.

An executor cannot buy any portion of the estate of his decedent, whether real or personal, either directly or through another person. The sale can be set aside on the petition of any person interested in the estate: it need not be on a review of the executor's account.

By the Court.—Grafton Fox, a son and devisee of James Fox, deceased, presented his petition, through his guardian, to the Orphans' Court, setting forth in substance that Richard Fox, executor of James Fox, deceased, had sold the stock of the Mechanics' Bank, bequeathed to the said Grafton, and had purchased the same for his own use through the instrumentality of Jacob Shope, who bid in the same for him, the said executor. And further stating that there was a large surplus fund to which the stock was entitled, and large dividends made thereon, which have never been accounted for by the executor.

To this the executor has responded, not denying the sale and the manner in which the sale was made, as stated in the petition, but averring that it was sold for its full value, the proceeds brought into his account, and the whole balance due to Grafton Fox paid over to his guardian. That a second account was settled in 1865, and that balance paid to the guardian, who now petitions, and his release taken. Also that no money has come to his hands since, as the stock remains on hand, has not been sold at a profit, and the amount of the surplus fund in the bank is unknown. It is claimed that the guardian has mistaken his remedy, as the only mode of correction is by a review of the account. That an executor, administrator, guardian, or other trustee, cannot become a purchaser at his own sale, either directly in his own name, or indirectly through the interposition of another, is a principle too well settled to admit of argument in the present day (7 W. & S. 152; 8 W. & S. 244; 3 Casey, 44; 2 Williams on Evidence, 843, 1669), and cases there cited. And this applies equally to real estate and personal property (4 Philadelphia R. 378). One trustee or executor cannot purchase any portion of the trust-property from his co-executor or trustee, and such purchase enures to the benefit of the *cestui que trust,* and the purchasing trustee must account to him for the profits, where it is sold at an advance (1 Paige's Ch., 393); such sales are void for want of parties, as the trustee cannot become both buyer and seller. The sale of this bank stock, if made to Jacob Shope for the use of Richard Fox, the executor, is a nullity, and may be avoided by any party in interest. The only question is as to the method of avoiding it.

The course pursued in the present case by the petitioner is said

to be correct in Shuman's Appeal (3 Casey, 64). But there the property had been resold by the trustee at a profit. Here it is still held; and whether actually worth more than the sum paid, or the dividends on the stock amount to more than the interest on the money, is uncertain.

We think it proper to have some of the facts ascertained before ordering an account. We will, therefore, refer the business to an auditor to report. 1. Whether the stock was purchased by Jacob Shope, for the use of Richard Fox, as stated in the petition? 2. Whether the *actual* value of the bank stock, taking into account the present undivided surplus, renders it of greater value than the sum at which it was bidden off? 3. Whether the dividends received by Richard Fox on the shares of stock to which Grafton Fox was entitled, after the payment of debts and specific legacies, amount to more than the interest receivable on the money paid over to his guardian for his use.

We say the "*actual value*" of the stock, to distinguish from the *market value*. For if this stock sold for all it would have brought in the market at the time, yet the unknown surplus fund then existing, or since accumulated, would make it worth more, the executor must account; for it must be borne in mind that the policy of the law makes his purchase *void*, and he is not entitled to either the dividends or accumulating surplus. But equity will relieve him, if it can be shown that his *cestui que use* received all in the form of cash or interest that he could have obtained out of the stock. On the coming in of the report, we can decree an account, or dismiss the petition according to the facts.